BIDWELL v. LEVI, BLUMENSTIEL & CO.

(Circuit Court of Appeals, Second Circuit. May 28, 1906.)

No. 209.

1. CUSTOMS DUTIES—MERCHANDISE IN WAREHOUSE—FORAKER ACT.

Merchandise from Porto Rico, which at the time of importation was not subject to the tariff laws, because not imported from a foreign country, did not, by reason of the fact that it was entered for warehouse and was not withdrawn until after the passage of the Porto Rico tariff act of April 12, 1900, c. 191, 31 Stat. 77, become dutiable under the provision in said act that duty should be enacted on "merchandise previously entered * * * under bond for warehousing."

In Error to the Circuit Court of the United States for the Southern District of New York.

The Circuit Court directed a verdict in favor of the defendants in error, against George R. Bidwell, collector of customs at the port of New York. The controversy related to merchandise from Porto Rico, which was imported and entered for warehouse after that island had become a part of the United States but before the passage of the so-called Foraker Act of April 12, 1900. c. 191, 31 Stat. 77, imposing a duty on merchandise imported from Porto Rico. Under the decision of the Supreme Court in De Lima v. Bidwell, 182 U. S. 1, 21 Sup. Ct. 743, 45 L. Ed. 1041, the merchandise was not subject to the provisions of the tariff act of July 24, 1897, c. 11, 30 Stat. 151 [U. S. Comp. St. 1901, p. 1626], because not imported from a "foreign" country within the meaning of the enacting clause of that act, and if it had been entered for consumption no duties could have been collected. But on its withdrawal from warehouse the collector enforced the payment of duty on the authority of section 5 of said Foraker Act, 31 Stat. 78, the pertinent part of which reads as follows: "Sec. 5. That on and after the day when this act shall go into effect all goods, wares, and merchandise previously imported from Porto Rico, for which no entry has been made, and all goods, wares, and merchandise previously entered without payment of duty and under bond for warehousing, transportation, or any other purpose, for which no permit of delivery to the importer or his agent has been issued, shall be subjected to the duties imposed by this act, and to no other duty, upon the entry or the withdrawal thereof."

The importers paid the duties under protest and brought an action against the collector for their recovery. In directing a verdict for them the court used the following language:

147 F.—15

PLATT, District Judge. The merchandise in question reached the port of New York from Porto Rico during the month of September, 1899. It is clear from the decisions that, if the importer had protested against the payment of duties and had then taken the merchandise, and entered it for consumption, he would have been entitled to recover them. I cannot see that the mere fact that the collector undertook to put into force the customs administrative act changes the situation. I can see no more reason for storing that merchandise in a bonded warehouse than for storing it in the collector's cellar. I understand that the importer protested at the time of withdrawing the merchandise, and I can see no reason why he is not entitled to recover the money so paid. The jury are therefore directed to render a verdict for the plaintiff.

J. O. Nichols, Asst. U. S. Atty., for collector.

Coudert Brothers (Frederic R. Coudert, of counsel), for importers.

Before WALLACE, LACOMBE and TOWNSEND, Circuit Judges.

PER CURIAM. Judgment affirmed.